UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

| | |
|---|---|
| CARI-ANNE J., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 3:23-cv-06161-TLF <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income (SSI) benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by this Magistrate Judge. *See* Dkt. 2. Plaintiff challenges the ALJ's decision finding plaintiff not disabled. Dkt. 4, Complaint.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed for SSI in December 2019. Administrative Record (AR) 20. Her application was denied at the initial level and on reconsideration. AR 80–103. A hearing was conducted before an ALJ on July 27, 2022. AR 44–79.

The ALJ issued a decision denying benefits on January 24, 2023. AR 17–43. In his written decision, the ALJ found plaintiff had the following severe impairments: obesity; patellofemoral arthritis right knee; depression; anxiety; bipolar disorder; social

anxiety disorder; posttraumatic stress disorder; personality disorder; and cannabis dependence. AR 22. The alleged onset date was amended to December 16, 2019 (from May 1, 2019). AR 20. The ALJ found plaintiff had the residual functional capacity (RFC) to

> perform medium work as defined in 20 CFR 416.967(c) with the following limitations: frequent climbing of ramps and stairs; occasional exposure to extreme cold, heat, humidity and hazards such as unprotected heights and dangerous machinery; occasional exposure to concentrated fumes, odors, dusts, gases and poor ventilation; no conveyor belt-paced production requirements; work performed in approximately two-hour segments separated by work breaks; occasional interaction with co-workers but no tandem or teamwork; and occasional workplace changes.

AR 28. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of Commissioner. AR 1–6. Plaintiff appealed to this Court. *See* Dkt. 4.

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason on which the ALJ did not rely. *Id.*

**A. Plaintiff's Subjective Symptom Testimony About Mental Conditions**

Plaintiff testified her anxiety prohibits her from leaving her home and interacting with others. *See* AR 52, 54. She has periodic panic attacks which have grown in severity and are brought about by social interaction. AR 54. They make her unable to move or speak. *Id.* She struggles to communicate with others and understanding instructions. AR 60–61.

The ALJ was required to give specific, clear, and convincing reasons for rejecting plaintiff's testimony. *See Garrison*, 763 F.3d at 1163; AR 33. Commissioner argues the ALJ met this burden by pointing to (1) plaintiff's improvement based on medication, (2) inconsistency between objective medical evidence and plaintiff's testimony, (3) plaintiff's activities of daily living, and (4) plaintiff's failure to follow some treatment recommendations. Dkt. 9.

<u>Improvement</u>. The ALJ noted "treatment records show[ed] improvement with treatment." AR 33. Without finding plaintiff's condition improved such that her symptoms were no longer as limiting as she claimed, this was an insufficient basis to reject her testimony. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[S]ome improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace.").

The ALJ pointed to treatment notes describing mood improvement; statements such as "good control" and "good results" with respect to her anxiety; a lack of suicidal ideation; and indication she communicated and socialized better with family. *See* AR 33–34. Even so, treatment notes from the relevant period (including the period involving the treatment notes the ALJ cited as showing improvement) documented complaints

3

similar to those described by plaintiff, and adjustments to medication where the medical providers tried to stabilize her symptoms — such as difficulty leaving home because of anxiety, panic attacks, hearing voices, and interpersonal difficulties. *See* AR 591-597, 734-743, 754-770, 774-777, 783, 785, 791, 798, 800-801, 803, 805, 808-812, 838-841. So the record shows treatment did not result in sustained medical improvement that positively affected plaintiff's ability to function in the workplace, and the ALJ's determination of improvement was not supported by substantial evidence. *See Attmore v. Colvin*, 827 F.3d 872, 878 (9th Cir. 2016) ("It is the nature of bipolar disorder that symptoms wax and wane over time. . . . Although the ALJ pointed to isolated signs of improvement, the ALJ could not find medical improvement on that basis unless the ups and downs of [claimant's] development showed *sustained* improvement.") (emphasis in original, citation omitted).

        Objective Medical Evidence. The ALJ summarized plaintiff's treatment records during the relevant periods, noting that many mental status examinations revealed some normal results, and concluded "the medical evidence shows that she is capable of" work "consistent with the above [RFC]." *See* AR 33.

        The ALJ erred in failing to explain why evidence of "some normal results" clashed with plaintiff's testimony. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) ("[T]o satisfy the substantial evidence standard, the ALJ must...explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.") (emphasis in original); *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) ("[The ALJ] simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination. This is not the sort of explanation or the kind of

'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited.").

Here, the ALJ acknowledged some abnormal mental status findings. *See* AR 31 ("flat or blunted affect," "report[ed] hallucinations and worsening anxiety"); 32 ("affect was often expansive"; reported "lots of panic attacks, significant mood swings, and severe social anxiety"); 33 ("The claimant's mood was often noted as anxious, frustrated, and/or depressed."). Because mental health conditions often wax and wane, *see Attmore*, 827 F.3d at 878, this evidence undermines the ALJ's ultimate conclusion. And the ALJ erred by failing to explain the normal results being given more credibility or weight than the abnormal findings. *See Brown-Hunter*, 806 F.3d at 492 ("[W]e still demand that the agency set forth the reasoning behind its decision in a way that allows for meaningful review."); *Moe v. Berryhill,* 731 F. App'x 588, 590 (9th Cir. 2018) (where progress notes as a whole showed persistent symptoms, the ALJ erred by relying on isolated signs of improvement).

Activities of Daily Living. The ALJ noted plaintiff could engage in some activities of daily living; had hobbies like reading, drawing, watching movies, and playing games; and went to college before the alleged onset date. *See* AR 34. The record does not support a finding that this evidence of activities conflicts with plaintiff's testimony. Plaintiff did not testify she was unable to perform these specific activities or equivalent activities, so there is not a basis for impeachment of her credibility because of inconsistency. The activities cited do not ordinarily involve working at a schedule like that required by competitive work.

Plaintiff testified her experience at college ended due to her impairments (AR 51-52), so this experience of trying to attend college was not a reason for rejecting her testimony. C*f. Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) ("It does not follow from the fact that a claimant tried to work . . . and, because of [her] impairments, failed, that [s]he did not then experience pain and limitations severe enough to preclude . . . substantial gainful employment.").

<u>Failure to Follow Treatment</u>. In some cases, failure to seek treatment or to follow a prescribed course of treatment may properly be relied on by the ALJ as a reason for discounting the claimant's credibility. *Chaudhry v. Astrue,* 688 F.3d 661, 672 (9th Cir. 2012).

The ALJ stated that plaintiff failed to take her medications as prescribed at some points during the relevant period. AR 33. The ALJ erred in making this finding without eliciting or considering potential reasons plaintiff failed to adhere to her treatment regimen. *See* SSR 16-3p (ALJs may not discount symptom testimony on basis of failure to pursue further treatment "without considering possible reasons he or she may not comply with treatment"); *Eitner v. Saul*, 835 Fed. App'x 932, 933 (9th Cir. 2021) (unpublished opinion) (finding ALJ failed to consider possible reasons a claimant failed to seek treatment under SSR 16-3p where "the ALJ asked Claimant whether he had received any specific treatment for the condition, but the inquiry ended there"); *see also* AR 922 ("chart note from [primary care provider] . . . indicate[s] that patient's health care and compliance is hampered by underlying mental health issues").

In sum, the ALJ did not provide legally adequate reasons, supported by substantial evidence, for rejecting plaintiff's testimony. This error was harmful because if

plaintiff's testimony had been properly considered, other questions may be asked of the V.E. and additional limitations might be included in the RFC. *See* AR 72, 74, 77-78 (initial hypothetical includes occasional interaction with coworkers, but no tandem or teamwork; attorney asks V.E. whether missing work, leaving early, coming in late, because of anxiety, depression, fear of leaving their home to attend work, would mean the individual would be unable to perform any full-time work); *Carmickle v. Comm'r. Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988).

**B.  Whether the ALJ Properly Considered the Lay Witness Evidence**

Plaintiff's father testified at the hearing before the ALJ regarding his observations of plaintiff's panic attacks, communication difficulties, and other mental symptoms. *See* AR 65–70.

The ALJ erred by failing to give reasons for discounting these statements. *See Dodrill v. Shalala*, 12 F.3d 915, 920 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). Defendant argues the ALJ was not required to articulate germane reasons with respect to the statements under the new regulations governing the evaluation of medical opinion evidence. Dkt. 13 at 14–16.

The 2017 regulations did not remove the requirement, reflected throughout the regulations, that an ALJ consider lay witness statements. *See, e.g.,* 20 C.F.R. § 404.1545(a)(3) ("We will also consider descriptions and observations of your limitations from your impairment(s)...by you, your family, neighbors, friends, or other persons."); 20 C.F.R. § 404.1529(a) ("We will consider any description your...nonmedical sources may

provide...."); SSR 96-8p ("The RFC assessment must be based on all of the relevant evidence in the case record, such as: [...] lay evidence[.]"). That requirement is the genesis of the germane reasons standard. *See Dodrill*, 12 F.3d at 919–20 ("Disregard of this evidence violates the Secretary's regulation that he will consider observations by non-medical sources as to how an impairment affects a claimant's ability to work.") (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)).[1]

Defendant argues any error in discounting the testimony was harmless because it was duplicative of plaintiff's testimony (*see* Dkt. 13 at 16–17), but the Court has determined the ALJ did not articulate valid reasons supported by substantial evidence for rejecting such testimony, and found that error to be harmful. Therefore, the error related to plaintiff's father's lay witness testimony likewise is not harmless.

## CONCLUSION

The ALJ improperly determined Plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings, including a de novo hearing and the opportunity to present additional evidence.

Dated this 29th day of January, 2025.

Theresa L. Fricke
United States Magistrate Judge

---

[1] Defendant suggests a distinction between the requirement that ALJs consider such evidence and articulate a rationale for rejecting such evidence (Dkt. 13 at 15), but because the Court reviews only the reasons asserted by the ALJ, *see Connett*, 340 F.3d 874, it is difficult to see how the Court can determine whether the ALJ's decision considered lay witness evidence—and did not discredit it arbitrarily—if the ALJ does not provide reasons germane to that evidence in his decision. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971) (The Court "must consider whether the decision was based on a consideration of the relevant factors.").